## PONCE & GUAYAMA RAILROAD COMPANY,
### a Corporation, Complainant,

*v.*

## AMERICAN RAILROAD COMPANY OF PORTO RICO,
### Dft.

---

San Juan, Law, No. 1047.

DEMURRER AS TO ESTOPPEL, ETC.

**Uncertainty—Demurrer.**

1. If a complaint is complete in itself and the defense is based upon

Ponce & G. R. Co. v. American R. Co.

particulars which do not there appear, the remedy is *not* demurrer, but to ask for a bill of particulars.

Estoppel—At Law.

 2. Estoppel is generally a matter of evidence rather than pleading. It involves a misrepresentation of material facts with knowledge, to a party innocent of the truth, with the intention that that party would act upon it, and he accordingly does so.

Opinion filed April 8, 1915.

*Mr. Chas. Hartzell* for complainant.

*Mr. F. H. Dexter* for defendant.

HAMILTON, Judge, delivered the following opinion:

This case grows out of No. 1043 of the same name [post, 634]. No. 1043 is a suit for an amount claimed to be due under a contract between the two railroads, dated September 7, 1910. The present suit is for an amount similarly claimed to be due the plaintiff from the defendant under an extension of this contract for a second year, the same contract being made an exhibit to the complaint in each case. The allegations of the complaints in both cases are of much the same nature.

There have been filed to this complaint a demurrer, an amended demurrer, and a second amended demurrer. All three raise the question of prescription, which was raised in No. 1043, and each of them is denied upon the authority of the preceding case.

The amended demurrer sets up the further ground of voluntary payment. It is not clear that the facts set out in the com-

plaint show any payment at all by the plaintiff to the defendant of the sum which the plaintiff is now seeking to recover. The allegation of the complaint is that the "defendant company wholly failed and refused to account to this plaintiff, or to pay over to the plaintiff moneys which became and were due to said plaintiff under and by virtue of the terms of said agreement, in a total sum of $12,812.59." The complaint further alleges that the plaintiff has never agreed to the statement of accounting presented by defendant, and has demanded the payment of this sum of money. It is probable, therefore, that the demurrant had in mind the sister case, No. 1043, and filed the demurrer, which, if applicable at all, would apply only in the earlier case. This demurrer was overruled in No. 1043, and therefore, from any point of view, must be overruled in the case at bar.

1. The demurrer and the amended demurrer set out the further ground of uncertainty. The argument on both sides seems to assume that the part of the contract in question relates to the retention of 50 cents per kilometer per regular passenger train, and it is alleged on the one side that the mixed train actually run does not call for such compensation, and on the other, that the train so run was accepted by all parties as the equivalent of the passenger service called for. This, however, does not appear from the complaint. It may be doubtful whether a demurrer is the right way to reach the point. The complaint is complete in itself, and what is needed rather is a bill of particulars, and a motion for such a bill would be in order so that the defendant would be more fully advised of the case made against it. As a demurrer, however, the application is refused, the point being that the complaint is complete as a

complaint, and so not demurrable, although greater particularity will be required upon proper application as above.

2. The second amended demurrer sets out also the ground of estoppel of the plaintiff by his acceptance of the mixed train as a substantial fulfilment of the contract. This being a suit at law, estoppel plays a different part from estoppel in equity.

"The following elements must be present in order to constitute an estoppel by conduct: 1. There must have been a representation or concealment of material facts. 2. The representation must have been made with knowledge of the facts. 3. The party to whom it was made must have been ignorant of the truth of the matter. 4. It must have been made with the intention that the other party would act upon it. 5. The other party must have been induced to act upon it." Bigelow, Estoppel, 437.

Even in equity, where the doctrine is given greater prominence than at law, the rule is that "certain admissions are indisputable, and estoppel is the agency of the law by which evidence to controvert their truth is excluded. In other words, when an act is done or a statement made by a party, the truth or efficacy of which it would be a fraud on his part to controvert or impair, the character of an estoppel will be given to what would otherwise be a mere matter of evidence. The law of estoppel, therefore, is a branch of the law of evidence." Bispham, Eq. § 280; Bouvier's Law Dict. s. v. Estoppel.

Estoppel is accordingly, generally, rather a matter of evidence than of pleading. It might possibly be so clear upon the complaint as to be ground for demurrer, but it is not so in the case at bar. The contract expressly provides for a certain compensation for a mixed train service, and the complaint.

Ponce & G. R. Co. v. American R. Co.

counts upon a mistake in the account furnished covering this service. If the defense is, as stated on the argument, that this mixed service was accepted as a regular passenger service, at least this is not clear from the complaint itself, and would have to come up upon the evidence in the case. In particular, even if there were temporary acquiescence, it is not clear that this put the defendant in any worse condition than it was originally, and if there was an error and no acquiescence, the same would be true. In either case it would not be so much a matter of estoppel as a question to arise upon proof. The complaint says that the contract was carried out on one basis, and for that a certain charge should be made, which has been adopted in the complaint. The defendant apparently claims that this basis was accepted as a substantial compliance with another basis in the contract, as to which the charge made is correct. This difference in the point of view, however, does not appear in the complaint, and so cannot come up on demurrer, which would then be bad as a speaking demurrer. The point must be raised by answer and proof.

The demurrer therefore is overruled, and it is so ordered.